**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
HOME CARE ASSOCIATION OF AMERICA    )
412 First St, SE                    )
Washington, D.C. 20003              )
                                    )
INTERNATIONAL FRANCHISE ASSOCIATION)        **COMPLAINT FOR**
1501 K St., N.W.                    )        **DECLARATORY AND**
Washington, D.C. 20005              )        **INJUNCTIVE RELIEF**
                                    )
NATIONAL ASSOCIATION FOR HOME CARE  )
& HOSPICE                           )
228 7th St, SE           )
Washington, D.C. 20003              )
                                    )
        Plaintiffs,                 )
v.                                  )
                                    )
DAVID WEIL, sued in his official capacity,  )
Administrator, Wage and Hour Division       )
United States Department of Labor   )
Frances Perkins Building            )
200 Constitution Avenue             )
Washington, D.C. 20210              )
                                    )
THOMAS E. PEREZ, sued in his official capacity, )
Secretary                           )
United States Department of Labor   )
Frances Perkins Building            )
200 Constitution Avenue             )
Washington, D.C. 20210              )
                                    )
UNITED STATES DEPARTMENT OF LABOR   )
Frances Perkins Building            )
200 Constitution Avenue             )
Washington, D.C. 20210,             )
                                    )
        Defendants.                 )
_____)

1

1.      Plaintiffs HOME CARE ASSOCIATION OF AMERICA ("HCAOA"),   THE INTERNATIONAL FRANCHISE ASSOCIATION ("IFA"), and NATIONAL ASSOCIATION FOR HOME CARE & HOSPICE ("NAHC") (collectively "THE PLAINTIFFS"), seek declaratory and injunctive relief against Defendants DAVID WEIL, in his official capacity as Administrator of the Wage and Hour Division of the United States Department Of Labor, THOMAS E. PEREZ, in his official capacity as Secretary of the Department of Labor, and the DEPARTMENT OF LABOR itself (collectively, "Defendants" or "the Department") for violating Federal law.

2.      This civil action seeks judicial review of Defendants' issuance of a new rule entitled "Application of the Fair Labor Standards Act to Domestic Service; Final Rule," 29 C.F.R. Part 552, 78 Fed. Reg. 60454 (Oct. 1, 2013) (hereafter the "new Rule") (attached hereto). The new Rule revises and supersedes longstanding regulations implementing the 1974 amendments to the Fair Labor Standards Act (the "FLSA" or the "Act"), by which Congress exempted employees providing "companionship services" to elderly and disabled individuals from the minimum wage and overtime provisions of the Act, 29 U.S.C. § 213(a)(15).   The new Rule also revises and supersedes regulations implementing Congress's exemption from the Act's overtime provisions for employees providing live-in domestic services, 29 U.S.C. § 213(b)(21).

3.      As further explained below, the new Rule dramatically departs from the plain language of the statutory exemptions and exceeds the scope of statutory  authority by declaring that third party employers of employees covered by the exemptions "may not avail themselves" of the exemptions.  By this unlawful attempt to deny third party employers their right to rely on the Act's exemption provisions, the new Rule in effect removes from exempt status the vast majority of all employees providing companionship services. In doing so, it illegally

2

discriminates in the application of the FLSA exemptions based on the identity of the employer, adversely impacting some of this nation's most vulnerable citizens – the elderly and persons with disabilities who do not have the physical or mental capacity to take on the difficult role of an employer. The new Rule further departs from the statute and Congressional authority by significantly narrowing the types of companionship services that will be considered exempt for the few remaining employees who are not employed by third parties.

4.     The new Rule will have a deeply destabilizing impact on the entire home care industry, which the Department has grossly understated in its regulatory analysis, and will adversely affect access to home care services for millions of the elderly and infirm. The new Rule will lead to increased institutionalization of those needing home care, as many will no longer be able to obtain the currently available levels of access to affordable, quality care in their homes. Others will be forced to accept care from multiple caregivers instead of one trusted individual, as employers will be forced to reduce work hours to avoid overtime costs.    For similar reasons, the new Rule will also adversely impact many home care workers and will increase staff turnover to the detriment of consumers. Finally, the new Rule will increase the cost of privately paid home care while adding to the burdens imposed on the country's Medicare and Medicaid financial systems.

5.     Absent judicial intervention, the new Rule is scheduled to go into effect on January 1, 2015. For the reasons more fully set forth below, the Rule should be declared unlawful and set aside prior to its effective date.

**JURISDICTION AND VENUE**

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (Federal question jurisdiction) and the APA, 5 U.S.C. § 702 ("[a] person suffering legal wrong because of agency

action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

7.     Venue is proper in this Court under 28 U.S.C. § 1391(c) in that (i) Defendants reside in the District of Columbia, and (ii) a substantial part of the events giving rise to this claim occurred in the District of Columbia.

8.     This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), and 5 U.S.C. §§ 701-706, for violations of, *inter alia*, the APA, 5 U.S.C. § 706.

## PARTIES

9.     Plaintiff Home Care Association of America (HCAOA) is a trade association for providers of private duty/private pay home care, which includes non-medical home care services. The HCAOA represents more than 2,500 member organizations that employ over 300,000 caregivers throughout the United States providing private pay in-home personal care services for seniors and individuals with disabilities.   HCAOA members have a direct interest in the new Rule as they employ workers currently subject to the FLSA companionship services and/or live-in domestic services exemptions. The new Rule will directly harm their business interests in terms of cost of employee compensation and the manner in which the businesses are organized and operated.

10.     Plaintiff International Franchise Association (IFA) represents franchising worldwide.   IFA's mission is to protect, enhance and promote franchising through government relations, public relations and educational programs. IFA represents more than two dozen home care franchise systems and more than 4,000 franchise business owners providing home  care.

These businesses have a direct interest in the new Rule as it directly increases their cost of employee compensation and the manner in which the businesses are organized and operated.

11.     Plaintiff National Association for Home Care & Hospice (NAHC) is a trade association, along with its affiliate the Private Duty Home Care Association of America, that represents the interests of over 6,000 companies that provide home care services through over 2 million dedicated employee caregivers.  NAHC members have a direct interest in the new Rule as they employ workers currently subject to the FLSA companionship services and/or live-in domestic services exemptions. The new Rule will directly impact their business interests in terms of cost of employee compensation and the manner in which the businesses are organized and operated.

10.     Plaintiffs have standing to pursue this action on behalf of their members under the three-part test of *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977), because (1) Plaintiffs' members would otherwise have standing to sue in their own right; (2) the interests at stake in this case are germane to Plaintiffs' organizational purposes; and (3) neither the claims asserted nor the relief requested requires the participation of Plaintiffs' individual members.

11.     Plaintiffs' members would otherwise have standing to sue in their own right because they will suffer imminent and irreparable harm under the new Rule, unless the Rule is declared unlawful and enjoined by this Court.  Plaintiffs' members will be required to spend many hours and many dollars that they can ill afford to spend in efforts to come into compliance with the new Rule's unlawful and unprecedented overtime requirements for workers who are supposed to be exempt from such requirements under the Act.

12.     The interests at stake are germane to Plaintiffs' principles, which include the mission of advancing and protecting the ability of home care providers to succeed as business organizations and to provide high quality home  care services to consumers.  The new Rule unlawfully imposes burdensome and costly new overtime requirements on Plaintiffs' members, many of which are small businesses that can least afford the significant new burdens being imposed by the new Rule.

13.     The claims asserted and relief requested by Plaintiffs do not require participation of Plaintiffs' members, because Plaintiffs' Complaint is a facial challenge to the new Rule based upon the Rule's unlawful departure from the statutory authority delegated by Congress under the Act.  The Complaint also challenges the arbitrary and capricious nature of the new Rule, based upon the absence of substantial evidence supporting the Rule in the Administrative Record and the failure of the Department to provide adequate explanation of its reversal of four decades of policy implementing the Act's requirements.   Finally, Plaintiffs' Complaint challenges the failure of the agency to comply with the Regulatory Flexibility Act.  The Complaint is entirely based on principles of law and the Administrative Record and thus requires no individual home care agency participation.

14.     The Defendants, located in Washington, D.C. and sued in their official capacities, are charged with administration and enforcement of the Act. The Department has been delegated rulemaking authority to carry out these functions, and is required to exercise such authority in a manner consistent with the provisions of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* (the "APA").

**STATUTORY AND REGULATORY FRAMEWORK PRIOR TO THE NEW RULE**

15.    Section 13(a)(15) of the FLSA, 29 U.S.C. § 213(a)(15), exempts from both the minimum wage and overtime compensation requirements of the Act "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)."

16.    Section 13(b)(21) of the Act, 29 U.S.C. § 213(b)(21), further exempts from the overtime compensation requirements of the Act "any employee who is employed in domestic service in a household and who resides in such household."

17.    Nowhere in these or any other provisions of the Act did Congress authorize the Department to require employers to pay overtime pay to employees who are otherwise exempt from the Act's requirements.

18.    For the past four decades, prior to the new Rule, the Department implemented the foregoing provisions of the Act by promulgating regulations that expressly included third party employees within the scope of the statutory exemption. *See* 40 Fed. Reg. 7405 (1975). Thus, Section 552.109 of the Department's rules expressly stated that the exemption was available to "any employee," including employees of third party employers, both as to companionship services and live-in domestic services. Section 552.6 of the Department's 1975 regulations further defined "companionship services" as "services which provide fellowship, care and protection" including "household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes and similar services."  This section provided that such household work was required to be "incidental," i.e., not exceeding "20 percent of the total weekly hours worked."  The section further excluded from "companionship services" any

"services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse."

19.     In the Department's own words, these regulations were "more consistent" with the statute than proposed alternatives that would have excluded employees of third party employers from the exemption. *See* 40 Fed. Reg. 7405 (1975); *see also* Op. Ltr. WH-368, 1975 WL 40991 (Nov. 25, 1975).  The Department rejected various efforts, both internal and external, to change the regulations over the next 37 years. As the Department stated in defending its regulations to the U.S. Supreme Court, "[i]f the companionship services exemption to the FLSA was narrowed to only those employees hired directly by a family member or the head of household, then the exemption would encompass only 2% of employees providing companionship services in private homes." *See Long Island Care at Home Ltd. v. Coke*, Brief for the United States as *Amicus Curiae* (2007).  The Supreme Court agreed with the Department's position entitling third party employers to avail themselves of the companionship exemption, and the Court upheld the current regulations in the *Coke* case, at 551 U.S. 158 (2007).

### THE DEPARTMENT'S NEW RULE

20.     Notwithstanding the Supreme Court's 2007 decision, the Department published a Notice of Proposed Rulemaking (NPRM) in the Federal Register on December 27, 2011, in effect proposing to adopt the position excluding third party employers from access to the companionship employee exemption on essentially the same grounds that the Department had so recently rejected and opposed before the Court.  The NPRM proposed to further require third party employers to treat domestic live-in employees as if they are not otherwise exempt under the Act, and the NPRM also made other significant changes to the Department's longstanding definition of "companionship services" for all home care employees. 76 Fed. Reg. 81190 (Dec.

27, 2011).  Each of the Plaintiffs and many other entities filed comments in opposition to the proposed Rule. Plaintiffs further submitted studies contesting many of the economic impact assumptions underlying the proposed Rule and demonstrating that the adverse impact of the Department's proposal would be significantly greater than asserted by the Department.

21.     Nevertheless, the Department proceeded to issue the Final Rule on October 1, 2013, with little change from the proposed Rule.  78 Fed. Reg. 60454.  Most pertinent to the present challenge, the Department adopted its proposal stating that "[t]hird party employers of employees engaged in companionship services with the meaning of Section 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services."  Section 552.109(a). The Final Rule further declares that "[t]hird party employers of employees engaged in live-in domestic service employment within the meaning of Section 552.102 may not avail themselves of the overtime exemption provided by section 13(b)(21) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services."   Section 552.109(c).

22.     Significantly, the Department did not purport to change the definition of "employee" under the Act to exclude employees of third party employers from the Act's exemptions, but instead imposed an unauthorized minimum wage and overtime requirement on *employers* solely on the basis of their "third party" status. *Id*.

23.  The Department maintained the definition of live-in domestic services, but again greatly diminished its application to home care services through the elimination of the third-party employer application. Live-in home care services are comparable to the services currently defined as "companionship services" but entail more working hours in a given day because of

the level of infirmity of the client. Under the Defendants' new rule, third party employers of live-in caregivers will be obligated to pay overtime compensation to employees who are otherwise exempt from overtime under the Act, while live-in caregivers solely employed by the person in care will not be paid overtime by their employer.

24.     The Department's new Rule further narrowed the definition of "companionship services" by removing the provision of "care" from the definition, except where provided "attendant to and in conjunction with" the provision of fellowship and protection and only if such care does not exceed 20 percent of the total hours worked per person and per workweek." *See* Section 552.6.  As further redefined in subsection (b), the provision of care that is newly restricted to 20 percent of hours worked per person and per workweek includes not only the previously restricted incidental housework, but also "any assistance to the person with activities of daily living (such as dressing, grooming, feeding, bathing, toileting, and transferring) and instrumental activities of daily living, which are tasks that enable a person to live independently at home (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care)." *Id*.

25.     The impact of these amendments to the definition of "companionship services" is to so narrow the statutorily prescribed "care" component of companionship services as to render it a nullity.

## CLAIMS FOR RELIEF

**COUNT I –    Agency Action Exceeding Statutory Authority Under The FLSA As To Third Party Employers Of Home Care Workers**

26.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 25 of this Complaint, as though fully set forth below.

27.     Neither the plain language nor legislative history of the Act delegates authority to the Department to exclude third party employers from "availing themselves" of the statutory exemptions of their employees engaged in companionship services or domestic live-in services as set forth in Section 213(a)(15) and Section 213 (a)(21) respectively. Under the FLSA, if the employers employ individuals who fall within the definition of "employees" who are exempt under Sections 213(a)(15) and 213(b)(21), then such employers cannot be required by Department rule or otherwise to pay such individuals statutorily prescribed minimum wages or overtime pay.

28.     As noted above, the Department's new Rule does not change the definition of "employees" under the Act's exemptions. Hence the home care workers employed by third party employers remain exempt from the Act's minimum wage and overtime provisions, provided only that they perform companionship services and/or live-in domestic services as elsewhere defined. The new Rule's assertion to the contrary is inconsistent with the plain language of the Act and is not in accordance with law within the meaning of the APA.

29.     The exclusion of third party employers from availing themselves of the Act's exemptions is also contrary to the plain Congressional intent in enacting the 1974 amendments to the FLSA.  Among other reasons, as the Department itself has previously declared: "If Congress had wanted to exclude employees of third-party employers from the exemption, it easily could have done so by expressly including a limitation based on employer's status, as it has done with other FLSA exemptions. [citations omitted] Instead, Congress focused on the activity of 'any employee'...." *Long Island Care At Home Ltd. v. Coke*, Brief for the United States as *Amicus Curiae.* (2007).

30.     By the foregoing actions, the new Rule is arbitrary, capricious, an abuse of discretion and not in accordance with the FLSA and the APA, and must therefore be set aside. *See* 29 U.S.C. § 213;  5 U.S.C. § 706.  To the extent that additional provisions of the new Rule incorporate or otherwise rely on the foregoing specifically challenged sections of the new Rule, then all such provisions are unlawful and must be set aside.

**COUNT II – Agency Failure To Provide Adequate Justification For Reversals Of Policy As To Third Party Employers**

31.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 30 of this Complaint, as though fully set forth below.

32.     The Department has failed to give an adequate, rational justification for its reversal of longstanding policy allowing third party employers to avail themselves of the companionship services and live-in domestic services exemptions for home care workers. In particular, the Department has not identified any significant changes in the home care industry during the few years since the Supreme Court upheld the Department's current policy in the 2007 *Coke* case, and there have in fact been no such changes. Further, the Defendants have mischaracterized alleged changes in the nature of the services or duties of home caregivers since the 1974 amendments to the FLSA or the promulgation of the Defendants' longstanding rules regulating the companionship services and live-in domestic services exemptions, in order to create a false justification for the new Rule. In truth, the apparent basis for the Department's reversal of policy is that the Department's current leadership believes Congress's intent in enacting the 1974 amendments to the FLSA was different than that found by the Supreme Court. This is not an adequate justification for a fundamental change in longstanding administrative policy.

12

33.     By reversing decades of policy and precedent without adequate justification, the Defendants have acted in an arbitrary and capricious manner in violation of the APA, and the new Rule should be set aside on this additional ground pursuant to 5 U.S.C. § 706.

**COUNT III – Agency Action Exceeding Statutory Authority As To The Redefinition Of Companionship Services**

34.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 33 of this Complaint, as though fully set forth below.

35.     Defendants' redefinition of "companionship services," by reducing to 20 percent the amount of home "care" time that will be deemed to be part of companionship services under Section 552.6 of the new Rule, effectively excludes the provision of care therefrom, and is inconsistent with the plain language of the statutory exemption and in violation of law.

36.     By this action as well, the new Rule is not in accordance with the FLSA and the APA, and must therefore be set aside.  *See* 29 U.S.C. § 213;  5 U.S.C. § 706.  To the extent that additional provisions of the new Rule incorporate or otherwise rely on the foregoing specifically challenged section of the new Rule, then all such provisions are unlawful and must be set aside.

**COUNT IV - Agency Failure To Provide Adequate Justification For Reversals Of Policy As To The Substantial Exclusion Of "Care" From The Redefinition Of "Companionship Services"**

37.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 36 of this Complaint, as though fully set forth below.

38.     The Department has failed to give an adequate, rational justification for its reversal of longstanding policy by reducing to 20 percent the amount of home "care" time that will be deemed exempt under the redefinition of "companionship services" in Section 552.6 of

the new Rule.  In particular, the new Rule fails to take into account the practical realities of providing home care to the elderly and infirm, and the Department's asserted justifications for the redefinition are not supported by substantial evidence in the Administrative Record.

39.     By reversing decades of policy and precedent as to the "care" component of the statutory exemption for companionship services, without adequate justification, the Defendants have acted in an arbitrary and capricious manner in violation of the APA, and the new Rule should be set aside for this reason as well.  5 U.S.C. § 706.

**COUNT V – Agency Failure To Comply With The Regulatory Flexibility Act and Small Business Act**

40.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 39 of this Complaint, as though fully set forth below.

41.     The Department has failed to conduct an adequate cost-benefit analysis compliant with the Regulatory Flexibility Act (RFA), as amended by the Small Business Regulatory Enforcement Fairness Act (SBREFA), 5 U.S.C. §§ 601-611, which is a factor showing that the agency unreasonably assessed social costs and benefits so as to be arbitrary and capricious under the APA.  In particular, the Department dramatically understated the burden that its new requirements will impose on the home care industry, and particularly on the many small businesses who will be compelled to comply with the new Rule. The Department has thereby violated the foregoing statutory provisions in a manner which is subject to judicial review under the APA.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiffs respectfully request this Court to enter judgment in their favor and:

1.      Issue an injunction barring Defendants from enforcing or applying the challenged portions of the Department's new Rule, together with any other provisions of the Rule that incorporate or otherwise rely on the challenged provisions found to be unlawful.

2.      Declare that the provisions of the new Rule described above violate the FLSA, the APA, and/or the RFA;

3.      Declare that the new Rule is arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law;

4.      Vacate and set aside the provisions of the new Rule shown to be unlawful in this Complaint and any related provisions that cannot be lawfully severed therefrom;

5.      Award Plaintiffs their costs of litigation, including reasonable attorneys' fees; and

6.      Grant Plaintiffs such other relief as may be necessary and appropriate or as the Court deems just and proper.


Respectfully submitted,


*/s/ Maurice Baskin*
Maurice Baskin (D.C. Bar  No. 248898)
Tammy McCutchen (D.C. Bar No. 591725)
Littler Mendelson, P.C.
1150 17th St., N.W.
Washington, D.C. 20036
202.772.2526  Telephone
202.842.0011 Facsimile
mbaskin@littler.com
tmccutchen@littler.com

William A. Dombi
D.C. Bar No. 445832
Center for Health Care Law
228 Seventh Street, SE
Washington, D.C. 20003
Telephone: (202) 547-5262
Facsimile:  (202) 547-7126
wad@nahc.org

Attorneys for Plaintiffs