IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOME CARE ASSOCIATION OF AMERICA, *et al* ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:14-cv-00967 |
| DAVID WEIL, *et al* ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' "UNOPPOSED" MOTION FOR TELEPHONIC SCHEDULING CONFERENCE**

The Defendants have improperly labeled their motion [Dkt. #24] as "unopposed." While Plaintiffs certainly consent to a telephonic scheduling conference, the Department's motion contains additional text that amounts to an opposition to Plaintiffs' motion for temporary stay of agency action. Plaintiffs are filing this response in order to clarify that the Department's grounds for opposing Plaintiffs' motion for stay are <u>not</u> consented to and are without merit.

Thus, contrary to the Department's questioning of the authorization for Plaintiffs' motion, Plaintiffs' motion is plainly authorized by the Administrative Procedure Act, 5 U.S.C. § 705, which was cited therein. Plaintiffs' Motion at p.1. Similar motions for temporary stays of agency action have been filed and considered in other courts in this district. *See, e.g., Chamber of Commerce v. NLRB*, No. 11-cv-02262, ECF Dkt. #35 (D.D.C. 2012). The standards for ruling on such a motion are generally considered to be the same as those for a motion for preliminary injunction or temporary restraining order under Federal Rule 65. *See* Plaintiffs' Motion Memorandum at p. 3. Plaintiffs have fully explained in their motion papers how each of those

standards support issuance of the requested stay in this case, and the Department appears to be quibbling over semantics.[1]

Plaintiffs have also explained why the Department's charge of "inexcusable delay" in the filing of Plaintiffs' motion is without merit. *See* Plaintiffs' Motion Memorandum at pp. 9-10. The case cited in the Department's motion bears no resemblance to the present circumstances.[2] Unlike that case, Plaintiffs have timely filed their motion prior to the effective date of the agency action being challenged in order to preserve the status quo while litigation continues over a provision, Section 552.6, which Plaintiffs lacked standing to enjoin until after the Court correctly vacated Section 552.109 earlier this week. Under similar circumstances, other courts have granted injunctive relief against arbitrary agency action, as seen in the cases cited in Plaintiffs' motion papers at pp. 9-10.

Significantly, the Department's motion fails to address the severe disruption to the home care industry and its many elderly and infirm consumers that will result from the Department's arbitrary insistence on the January 1 effective date for Section 552.6. The Department also ignores altogether the grounds identified by Plaintiffs' motion as to why Section 552.6 is unlawful on its merits, the absence of harm to the Department from the temporary stay and the public interest in support of the stay.

With the foregoing clarifications, Plaintiffs reaffirm that they are not opposed to a telephonic scheduling conference at the Court's earliest convenience for the purpose of expediting any further briefing and consideration of Plaintiff's emergency motion for a temporary stay of the Department's revised Section 552.6.

---

[1] Also contrary to the Department's motion, at p. 2, the 7 day briefing requirement for preliminary injunction motions under Local Rule 65.1 is intended to be a maximum time period, not a minimum, as other courts in this district have recognized. *See, e.g., Atrazeneca Pharmaceuticals LP v. Food and Drug Administration*, 12-cv-00388, ECF Minute Order (D.D.C. Mar. 13, 2012) (following an expedited conference call two days after filing of plaintiff's motion for preliminary injunction, the court in its discretion ordered the opposing brief to be filed the following day, with a reply scheduled for the day after). Good cause clearly exists for expedited briefing and consideration of Plaintiffs' motion in this case, because of the looming January 1 effective date of Section 552.6.

[2] In the case cited by the Department, *Independent Bankers Ass'n v. Heimann*, 627 F. 2d 486, 488 (D.C. Cir. 1980), plaintiffs delayed filing their motion for <u>12 years</u> after the final agency action they sought to challenge had gone into effect.

Respectfully submitted,

*/s/ Maurice Baskin*
Maurice Baskin (D.C. Bar No. 248898)
Littler Mendelson, P.C.
1150 17th St., N.W.
Washington, D.C. 20036
Telephone: 202.772.2526
Fax:    202.318.4048
mbaskin@littler.com


William A. Dombi
D.C. Bar No. 445832
Center for Health Care Law
228 Seventh Street, SE
Washington, D.C. 20003
Telephone: (202) 547-5262
Facsimile:  (202) 547-7126
wad@nahc.org

Attorneys for Plaintiffs