**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| HOME CARE ASSOCIATION OF AMERICA, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:14-cv-00967 |
| | ) | |
| DAVID WEIL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF SUBMITTED**
**PURSUANT TO JANUARY 8, 2015 ORDER**

On January 8, 2015, this Court invited the parties to submit supplemental briefing, if they

choose to do so, with regard to the merits of the issues remaining unresolved in this matter.

Without addressing each and every point already addressed in earlier briefs—which defendants

continue to stand behind—defendants provide this memorandum as a succinct summarization of

their position.

The Fair Labor Standards Act exempts from its minimum wage and overtime

requirements employees who perform a particular type of work ("companionship services") for

particular types of people ("individuals who (because of age or infirmity) are unable to care for

themselves"). 29 U.S.C. § 213(a)(15). Congress has given the Department of Labor the

authority to do two things in order to set the parameters of the terms used in that provision: to

"define[]" the terms and to "delimit[]" the terms. *Id.* In addition to this grant of authority to

"define[] and delimit[]" such terms as "domestic service employment" and "companionship

services," which Congress did not otherwise define, Congress also vested the Secretary of Labor

with authority "to prescribe necessary rules, regulations, and orders" with regard to the 1974

1

Amendments.  Pub. L. No. 93-259, § 29(b), 88 Stat. 76.  The regulation at issue here does both

of those things, and does so well within the bounds of the authority given to the Department by

Congress.  In *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007), the Supreme

Court concluded that "the FLSA explicitly leaves gaps, for example, as to the scope and

definition of statutory terms such as . . . 'companionship services'" and that it "provides the

Department with the power to fill these gaps through rules and regulations."  *Id*.  (citing 29

U.S.C. § 213(a)(15)).  The Department issued a rule that filled that exact statutory gap; in 29

C.F.R. § 552.6, the Department defined the meaning of the term "companionship services," and

delimited the scope of its application to the type of work that the legislative history indicates

Congress envisioned when it delegated authority to the agency.[1]  Under *Chevron*, the Court must

uphold the Department's rule unless it is "arbitrary, capricious, or manifestly contrary to the

statute."  *Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc*., 467 U.S. 837, 843-44 (1984).

As defendants' Opposition to Plaintiffs' Request for Preliminary Injunction ("defendants'

---

[1] Plaintiffs' claim that the Congressional Record shows that Congress intended to exempt home care workers from the FLSA's overtime protections to keep such services affordable is belied by the actual text of the statements to which plaintiffs cite.  *See* Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Request for Preliminary Injunction ("Pls.' Reply"), ECF No. 28, at 5.  In fact, the statements of Senators Dominick and Johnston are focused not on the companionship services exemption in particular, but on the FLSA's extension of minimum wage and overtime protections to domestic workers generally. *See* 119 Cong. Rec. 24,797 (1973) (statement of Sen. Dominick) (discussing the implications of extending protections to "stewards, window washers and laundrymen" as well as "people cleaning windows, mowing the lawn, coming in to do the laundry" and also elder sitters); *Id*. at 24,798 (statement of Sen. Johnston) (proposing an amendment relating generally to domestic service).  Senator Burdick's statement, quoted in full in defendants' Opposition, *see* p. 23 n. 15, reveals that Congress intended the companionship services exemption to apply to "elder sitters," who "come in and sit with" elderly individuals "to be there and to watch" them.  *Id*. at 24,801.  Senator Burdick recognized that while being a companion may entail "some work," such as "making lunch for the infirm person," such work was "incidental to the main purpose of employment."  *Id.*

Opposition") shows, the preamble to the Final Rule reasonably explains the Department's

rationale for promulgating 29 C.F.R. § 552.6 as it did, including its consideration of comments in

favor of and opposed to the proposed changes.  Plaintiffs' meritless challenges to the

companionship services definition do not come close to showing that the regulation is anything

but an embodiment of the fact that the Department "considered the relevant factors and

articulated a 'rational connection between the facts found and the choice made.'"  *Allied Local &*

*Reg'l Mfrs. Caucus v. U.S. E.P.A.*, 215 F.3d 61, 68 (D.C. Cir. 2000) (citing *Motor Vehicle Mfrs*

*Ass'n v. State Farm Mutual Auto. Ins.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

The Court, therefore, must uphold the Department's revised definition of companionship

services.

Nor do plaintiffs raise any meritorious procedural challenge to the rule.  Plaintiffs' claim

that the Court's December 22, 2014 Order invalidating one of the amended regulatory provisions

in the Rule undermines the agency's impact analysis—which was published in October 2013,

well before the Court's order—was not raised in plaintiffs' complaint.  Plaintiffs' baseless and

unsubstantiated allegation in Count V of their complaint, *see* Complaint, ECF No. 1, at ¶¶ 40-41,

that the Department "failed to conduct an adequate cost-benefit analysis compliant with the

Regulatory Flexibility Act ("RFA")," in promulgating the Final Rule, is meritless, and the Court

must reject it.  The D.C. Circuit has conclusively held that "the [Regulatory Flexibility] Act's

requirements are purely procedural." *National Telephone Co-op Ass'n v. F.C.C.*, 563 F.3d 536,

540 (D.C. Cir. 2009) (citation and internal quotation marks omitted).  As defendants noted in

their Opposition, the RFA "imposes no substantive constraint on agency decisionmaking." *Id*.

The RFA requires agencies in certain rulemakings to publish an analysis that summarizes the

agency's findings on certain legally delineated topics.  *See* 5 U.S.C. § 604(a); *see also id*.  When

3

"the analysis at issue . . . undoubtedly addresse[s] all of the legally mandated subject areas, it complies with the Act." *National Telephone Co-op Ass'n*, 563 F.3d at 540.  Plaintiffs cannot dispute that the Department's RFA analysis lays out all of the legally mandated topics it must address, *see* 78 Fed. Reg. 60,548, and then addresses each one in turn, *see* 78 Fed. Reg. 60,548-54.  So, the Rule fully complies with the RFA.

Because plaintiffs have failed to raise any colorable legal challenge to the Departments' rulemaking, which is entitled to considerable deference under *Chevron*, as recognized by the Supreme Court in *Coke*, the Court must deny plaintiffs' motion.

Dated:  January 9, 2015

| | |
|---|---|
| M. PATRICIA SMITH<br>Solicitor of Labor | JOYCE R. BRANDA<br>Acting Assistant Attorney General |
| JENNIFER S. BRAND<br>Associate Solicitor | RONALD C. MACHEN, JR.<br>United States Attorney |
| PAUL L. FRIEDEN<br>Counsel for Appellate Litigation | JUDRY L. SUBAR<br>Assistant Branch Director |
| MELISSA A. MURPHY<br>Senior Attorney | /s/ Julie S. Saltman<br>JULIE S. SALTMAN (DC Bar No. 975015)<br>Trial Attorney |
| SARAH K. MARCUS<br>Attorney<br>U.S. Department of Labor<br>200 Constitution Ave NW, N-2716<br>Washington, DC  20210 | United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W., Room 7111<br>Washington, D.C.  20530<br>Tel: (202) 532-4252<br>Fax: (202) 616-8470<br>Email: Julie.saltman@usdoj.gov |

Respectfully submitted,

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2015, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which sent notice of such filing to all parties.


_/s/ Julie S. Saltman_____
JULIE S. SALTMAN